UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21817-RAR

**AIMAN ISSA**,

      Plaintiff,

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**, *et al.*,

      Defendants.
_____/

## ORDER REMANDING CASE TO USCIS

**THIS CAUSE** is before the Court on Defendants' Response to the Court's Order to Show Cause and Motion to Dismiss ("Response"), [ECF No. 5], filed on July 17, 2023, and Plaintiff's Reply, [ECF No. 6], filed on July 21, 2023. Plaintiff Aiman Issa filed a Complaint and Petition for Hearing on Naturalization ("Petition"), [ECF No. 1], which asks the Court to rule on his application for Naturalization, given the United States Citizenship and Immigration Service's ("USCIS") failure to render a decision within 120 days of his December 21, 2021 Naturalization examination. After this Court entered an Order to Show Cause, [ECF No. 4], USCIS issued a decision denying Plaintiff's naturalization application. *See* Denial Decision [ECF No. 5-1]. Defendants now move for the Court to dismiss the case as moot. Resp. at 1. The Court having carefully reviewed the Response, Reply, and record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Response and Motion to Dismiss, [ECF No. 5], is **DENIED** because the filing of the Petition conferred upon the Court exclusive jurisdiction over this matter, and USCIS's denial of the Petition is null and void. However, the Court **REMANDS** the matter to USCIS, with instructions.

## BACKGROUND

Plaintiff Aiman Issa is an adult male citizen of Jordan seeking United States citizenship. Pet. ¶ 1. Plaintiff filed an application for naturalization and ultimately attended an interview and passed the necessary exams on December 21, 2021. *Id.* ¶ 11. However, Plaintiff did not receive a decision on his application. *Id.* On March 28, 2023, Plaintiff filed an inquiry with the Miami USCIS Field Office requesting information as to why the office had not yet adjudicated his application. *Id.* ¶ 12. At the time Plaintiff filed the instant Petition, Plaintiff had not yet received a decision on his application. *Id.* ¶ 15.

On May 15, 2023, Plaintiff filed his Petition, which requests that the Court adjudicate his application for naturalization. The Court issued an Order to Show Cause, requiring Defendants to explain why the Court should not grant Plaintiff's requested relief. In Defendants' Response, they explain that USCIS issued a decision denying Plaintiff's application for naturalization on July 11, 2023, so the Petition is now moot. Resp. at 1–2. Plaintiff now contends that once Plaintiff filed the Petition, this Court had exclusive jurisdiction under 8 U.S.C. § 1447(b). Reply at 2. Therefore, Plaintiff argues, the decision by USCIS to deny his application for naturalization—reached after this Court had exclusive jurisdiction—is null and void.

## LEGAL STANDARD

Pursuant to 8 U.S.C. § 1447, naturalization applicants may apply to the United States district court for the district in which the applicant resides for a hearing if USCIS fails to make a determination on the application before the end of the 120-day period after the date on which an examination is conducted. 8 U.S.C. § 1447(b). "Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.*

## ANALYSIS

While there is no question that the Court has jurisdiction to adjudicate this matter, *see Silebi De Donado v. Swacina*, 486 F. Supp. 2d 1360, 1362 (S.D. Fla. 2007), there is a split of authority as to whether a § 1447(b) petition confers *exclusive* or *concurrent* jurisdiction on the district court, *see Al-Atiyeh v. Swacina*, 650 F. Supp. 2d 1244, 1246 (S.D. Fla. 2009) (collecting cases). In the absence of Eleventh Circuit precedent addressing this question and considering the thorough analysis of § 1447(b) in *Al-Atiyeh*, the Court finds that § 1447(b) confers exclusive jurisdiction on the district court because the plain language says so. *See Ortega Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298, 1302 (11th Cir. 2004) ("The starting point for all statutory interpretation is the language of the statute itself[.]").

The text of the jurisdiction-conferring statute does not use the words "exclusive" or "concurrent" to describe the district court's jurisdiction. Rather, it states

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Nevertheless, the statute expressly confers on the Court the ability to "determine . . . or *remand* the matter." *Id.* (emphasis added). As the *Al-Atiyeh* court observed, "the power to remand to USCIS implicitly suggests that USCIS lacks jurisdiction at that time." 650 F. Supp. 2d at 1247 (citing *United States v. Hovsepian*, 359 F.3d 1144, 1160–63 (9th Cir. 2004)). Because the Court must interpret § 1447(b) to give effect to all words and provisions, *see United States v. Canals–Jimenez*, 943 F.2d 1284, 1287 (11th Cir. 1991), the plain language of the statute must confer exclusive jurisdiction on the district court. To hold otherwise would render

the Court's power to remand to USCIS meaningless. Accordingly, USCIS's denial of Plaintiff's application for naturalization—rendered *after* Plaintiff brought this case—was issued without jurisdiction. Therefore, the July 11, 2023 denial decision is void, and the Court now exercises its jurisdiction as exclusively conferred by § 1447(b).

In exercising its jurisdiction, the Court "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." 8 U.S.C. § 1447(b). Here, the Court elects to follow the majority of courts which have remanded similar cases back to USCIS for a final determination. *See Silebi De Donado*, 486 F. Supp. 2d at 1365 (collecting cases); *see also Al-Atiyeh*, 650 F. Supp. 2d at 1246; *Tabibi v. Mayorkas*, No. 21-20590, 2021 WL 7542970, at *2 (S.D. Fla. Aug. 30, 2021).

## CONCLUSION

For the reasons previously stated, the Court finds 8 U.S.C. § 1447(b) conferred exclusive jurisdiction on the district court, thus nullifying USCIS's decision on Plaintiff's application for naturalization. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, [ECF No. 5], is **DENIED.**

2. This case is **REMANDED** to USCIS for further proceedings. USCIS shall issue a decision on Plaintiff's application for naturalization within 120 days from the date of this Order.

3. The Clerk is directed to mark this case **CLOSED.**

4. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 15th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**